## Case No. 11,875.

### The ROANOKE

[3 Blatchf. 390.] [1]

Circuit Court, S. D. New York. Nov. 30, 1855.

APPEAL—STAY OF EXECUTION—SERVICE OF COPY OF PETITION—WHEN TO BE MADE.

1. After the expiration of ten days from the rendering of a judgment or decree, within which time the party appealing or suing out a writ of error must, if he desires to stay execution, serve a copy of his petition of appeal or writ of error, and of its allowance, by lodging a copy thereof in the clerk's office, for the adverse party, this court has no power, under section 23 of the act of September 24, 1789 (1 Stat. 85), or under section 2 of the act of March 3, 1803 (2 Stat. 244), to permit such service to be made nunc pro tunc, as if made within such ten days.

2. All the requirements of the statute, necessary for the stay of execution, must be complied with within the ten days.

[Cited in State v. Lewis, 76 Mo. 373.]

[Appeal from the district court of the United States for the Southern district of New York.]

In this case, which was a libel in rem, after

this court had, on the appeal of the claimants, affirmed the decree of the district court in favor of the libellant, the claimants took an appeal to the supreme court, but omitted to serve a copy of their petition of appeal, and of its allowance, by lodging a copy thereof in the office of the clerk of this court, for the libellant, within ten days, Sundays exclusive, after the decree of this court was made, as is required by the second section of the act of March 3, 1803 (2 Stat. 244), adopting, in relation to appeals, the provisions of the twenty-third section of the act of September 24, 1789 (1 Stat. 85), in regard to writs of error, to make an appeal operate as a stay of execution. After the ten days had expired, the claimants obtained from Judge Ingersoll, on notice to the libellant, an order allowing them to lodge a copy of their petition of appeal, and of its allowance, in the clerk's office, for the libellant, nunc pro tunc, as if done within the ten days. The libellant now moved to set aside the order.

Alexander Clarke, for libellant.
John E. Burrill, Jr., for claimants.

NELSON, Circuit Justice. The question involved in this motion has been up several times in this court, and also in the supreme court; and it has been uniformly held, that if the party appealing, or taking out a writ of error, desires to stay execution, he must comply, within the ten days, with all the requirements of the statute. Although the court has sometimes enlarged the time before the expiration of the ten days, yet it is not within its power to dispense with any of the requisitions of the statute, and it cannot, after the expiration of the ten days, make such an order as was made in this case. The order must, therefore, be vacated. Execution on the decree of this court cannot be stayed, although the claimants can still prosecute their appeal to the supreme court, if they desire.